IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **DIRECTV, INC.,** | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-03-3127 |
| | * |
| **MARK LANKESTER,** *et al.*, | * |
| Defendants. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Richard O'Palko, Jr.'s Motion to Vacate Judgment. ECF No. 95. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Vacate Judgment is denied.

**I. BACKGROUND**

On October 31, 2003, Plaintiff DIRECTV, Inc. ("DIRECTV") filed a Complaint against multiple individuals, including Defendant O'Palko, alleging that they had purchased pirate-access devices to intercept and decrypt DIRECTV's protected satellite communications without authorization or payment, in violation of the Cable Communications Policy Act of 1984, 47 U.S.C. § 605, and the Electronic Communications Policy Act of 1986, 18 U.S.C. § 2511. ECF No. 1. An Affidavit of Service was filed on February 4, 2004 that showed Defendant O'Palko was personally served on January 25, 2004. ECF No. 27. He did not answer or otherwise respond to the Complaint, so the Clerk entered default against him on November 18, 2004. *See DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF No. 408 (D. Md.).[1] On August 30,

---

[1] DIRECTV initially filed separate actions against individual defendants, including Defendant O'Palko. These actions were eventually consolidated, but filings relevant to the pending motion are docketed in separate cases.

1

2005, the Court entered default judgment against Defendant O'Palko in the amount of $71,951.37. ECF Nos. 89, 90; *see also DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF Nos. 977, 978 (D. Md.). Defendant O'Palko was also permanently enjoined from receiving, possessing, or using any pirate-access device. *Id.*

On November 13, 2009, DIRECTV moved for a Writ of Garnishment against Defendant's property held by PNC Bank. *DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF No. 1126 (D. Md.). The clerk issued the Writ on March 18, 2010. *DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF No. 1128 (D. Md.). On April 23, 2010, PNC Bank answered the Writ and stated that it held $9,091.05 of Defendant O'Palko's property. *DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF No. 1130 (D. Md.). On April 28, 2010, Defendant O'Palko, through an attorney, filed a Motion for Release of Property from Garnishment or to Exempt Funds from Execution ("Motion for Release"). *DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF No. 1131 (D. Md.). On July 26, 2010, the Court granted Defendant's Motion for Release as to $6000.00 in the account, but denied it as to the remaining $3,091.05. *DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF Nos. 1133, 1134 (D. Md.). On August 27, 2010, the Court ordered PNC Bank to pay the $3,091.05 sum to DIRECTV. *DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF No. 1136 (D. Md.). On December 6, 2011, DIRECTV recorded a judgment in the amount of $71,951.37 against Defendant O'Palko in the Circuit Court of Calvert County, Maryland. *DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631, ECF No. 1141 (D. Md.); *see DIRECTV, Inc. v. O'Palko*, Case No. 04-C-11-001386 (Cal. Cty. Cir. Ct.).

Eight years later, on July 31, 2019, Defendant O'Palko, acting *pro se*, filed the pending Motion to Vacate Judgment. ECF No. 95. DIRECTV has not filed a response.[2]

---

[2] The Court's electronic filing system (CM/ECF) reflects that DIRECTV's counsel of record was served with notice of the filing of the Motion on July 31, 2019.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) addresses the circumstances under which a court may vacate a judgment. In order to obtain such relief, a moving party must show that its motion is timely, that it has a meritorious defense to the action, that the opposing party would not be unfairly prejudiced by having the judgment set aside, and that one or more of the six grounds set forth in Rule 60(b) is satisfied. *Park Corp v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1986). Rule 60(b) provides that the court may vacate a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. A motion based on the first three grounds in Rule 60(b) must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). A motion based on the final three reasons must be made within a reasonable time of the judgment. *Id.*

Defendant O'Palko does not specifically identify any Rule 60(b) grounds for vacating the judgment against him. Instead, he contends that the judgment should be vacated because he was not personally served with notice of the action, DIRECTV has no evidence of the violations alleged in the Complaint, his attorney abandoned him, DIRECTV has refused to settle, and that any attempt by DIRECTV to collect the outstanding judgment against him is time-barred under Maryland law.

The first five grounds enumerated in Rule 60(b) do not appear to apply to Defendant O'Palko's Motion. Any motion under Rule 60(b)(1)(2), or (3) would be untimely because this Motion was filed on July 31, 2019, more than a year after entry of default judgment on August

3

30, 2005. Defendant O'Palko also does not make any argument that the judgment is void under Rule 60(b)(4) or that is has been satisfied or otherwise discharged under Rule 60(b)(5). Thus, the only possible ground for vacating the default judgment against Defendant O'Palko would be for "any other reason that justifies relief" under Rule 60(b)(6).

Although the language of Rule 60(b)(6) is facially broad, "its context requires that it may be invoked in only extraordinary circumstances." *Tyler v. AMTRAK*, Case No. PJM-15-1666, 2016 WL 6170509, at *1 (D. Md. Oct. 24, 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011)). The Fourth Circuit has noted that a narrow construction of Rule 60(b)(6) is "essential if the finality of judgments is to be preserved." *Aikens*, 652 F.3d at 501 (quoting *Liljeberg v. Health Servs. Acquisition Corp*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting)). Additionally, a "Rule 60(b) motion does not substitute for a timely appeal." *Miskell v. Rohrer*, Case No. WDQ-12-0742, 2013 WL 6622923, at *1 (D. Md. Dec. 13, 2013). Where the moving party could have addressed the issue on appeal, he has not demonstrated "extraordinary circumstances." *Id.*

As a preliminary matter, Defendant's motion under Rule 60(b)(6) is untimely because he did not file it within a reasonable amount of time of the entry of judgment against him. According to the Motion, Defendant O'Palko knew about this case even before it was filed, as far back as July 16, 2003, ECF No. 95 at 1, and he also actively litigated this case in 2010 with respect to garnishment of property held by PNC Bank, *see DIRECTV, Inc. v. Lankester*, Case No. AW-03-1631 (D. Md.). Waiting to file a motion to vacate fourteen years after entry of default judgment and nine years after actively participating in the case is unreasonable, especially considering Defendant O'Palko has not explained his delay in filing. *See Trs. of Painters' Trust Fund of Washington, D.C., and Vicinity v. Clabbers*, Case No. DKC-02-4063,

2010 WL 2732241, at *3 (D. Md. July 9, 2010) (stating that "it is incumbent upon the movant to 'make a showing of timeliness'" (quoting *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991))); *Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia*, 523 F. Supp. 1076, 1085 (D. Md. 1981) (finding that a two-year delay in filing a motion to set aside a default judgment was unreasonable).

Moreover, Defendant has failed to identify any "extraordinary circumstances" that justify relief from the judgment in this case. First, the record shows that Defendant O'Palko was personally served, and Defendant has provided no evidence to the contrary. Moreover, Defendant would have had the opportunity to contest the truth of the allegations in DIRECTV's Complaint had he appeared in this case before entry of judgment, and even now, he has failed to provide any evidence contradicting the well-pleaded allegations in the Complaint. Next, allegations of attorney error and the opposing party's failure to settle are not unique to this case such that they warrant extraordinary relief from final judgment. Finally, Defendant O'Palko's statute of limitations argument is not a defense to the original cause of action in this case,[3] so it is not a ground upon which the Court can vacate the judgment against him. Thus, Rule 60(b)(6) does not provide a basis for vacating the default judgment against Defendant O'Palko. Because Defendant has not satisfied any grounds set forth in Rule 60(b), his Motion to Vacate Judgment must be denied.

---

[3] Defendant O'Palko contends that because Maryland has a twelve-year statute of limitations for actions for judgment, the Court must vacate the judgment in this case. *See* MD. CODE ANN., CTS. & JUD. PROC. §5-102(a)(3). The Complaint in this case was not for judgment, however. Rather, DIRECTV alleged violations of the Cable Communications Policy Act and the Electronic Communications Policy Act, ECF No. 1, and Defendant O'Palko has made no argument that these claims were untimely.

### III.  CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that:

1. Defendant Richard O'Palko, Jr.'s Motion to Vacate Judgment, ECF No. 95, is **DENIED**; and

2. The Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to Plaintiff.


Date: December   23, 2019              ___/s/_____
                                       GEORGE J. HAZEL
                                       United States District Judge